IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL D. FOLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>SUSAN ILLSTON, SANDRA BROWN ARMSTRONG, WILLIAM ALSUP, EDWARD JELLEN, THOMAS CARLSON, RANDALL NEWSOME, LOIS BRADY, VIVIAN RHOE, CHARLES NOVACK, ANDREW CHUNG, KORNFIELD, PAUL & NYBERG,<br><br>    Defendants.<br>_____/ | No. C-05-01797 MMC<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING ACTION** |

    Before the Court is plaintiff Darrell D. Foley's complaint, filed May 2, 2005 against defendants Susan Illston, Sandra Brown Armstrong, William Alsup, Edward Jellen, Thomas Carlson, Randall Newsome, Lois Brady , Vivian Rhoe, Charles Novack, Andrew Chung, and Kornfield, Paul & Nyberg, by which plaintiff seeks damages in the total amount of $20 million. Also before the Court is plaintiff's motion to proceed in forma pauperis, filed concurrently therewith. Having read and considered the papers filed by plaintiff, the Court will DENY the application to proceed in forma pauperis, and DISMISS the action, pursuant to 28 U.S.C. §

1915(e)(2).

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor." See 28 U.S.C. § 1915(a)(1).  Where such an affidavit is filed, however, § 1915 requires the court to dismiss the case "at any time" if the Court determines that the allegation of poverty is untrue, the action fails to state a claim, the action is frivolous or malicious, or the action seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

## DISCUSSION

### 1. Absolute Judicial Immunity

Judges Illston, Armstrong, Alsup, Jellen, Carlson, and Newsome ("Judicial Defendants")[1] are all entitled to absolute judicial immunity for their judicial actions.  See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).  "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts."  Id.  "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'"  Id. (citation omitted).  A judge lacks immunity only where he or she acts "in the 'clear absence of all jurisdiction.'"  Id. (citation omitted).

Plaintiff's allegations that the Judicial Defendants acted "outside of [their] jurisdiction" are without merit.  (See Compl. at 11.)  The Supreme Court illustrated the distinction between an act in clear absence of jurisdiction and an act in excess of jurisdiction with the following

---

[1] Judges Illston, Armstrong, and Alsup are United States District Court Judges.  Judges Jellen, Carlson, and Newsome are United States Bankruptcy Judges.

example:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

See Stump v. Sparkman, 435 U.S. 349, 357 n. 7 (1978) (citing Bradley v. Fisher, 80 U.S. 335, 352 (1871)).  In the instant case, plaintiff's allegations against the Judicial Defendants arise from judicial acts such as denying an appeal, dismissing a complaint, and relating cases, all of which were within their jurisdiction as judges.  (See Compl. at 11-14.)

Accordingly, the Judicial Defendants are entitled to absolute immunity, and the Court will dismiss the claims against said defendants with prejudice.

### 2. Derived Judicial Immunity

Lois Brady, a bankruptcy trustee, is entitled to derived judicial immunity.  See Lonneker Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir. 1986).  "[A] trustee in bankruptcy or an official acting under the authority of the bankruptcy judge, is entitled to derived judicial immunity because he is performing an integral part of the judicial process." Id.  "Thus, the trustee also loses his immunity if he acts in the clear absence of all jurisdiction."  See Mullis v. United States Bankr. Ct. for the Dist. of Nev., 828 F.2d 1385, 1390 (9th Cir. 1987).  In the instant case, plaintiff alleges that Brady violated her fiduciary duty by negligently administering estate assets, conduct clearly within Brady's official duties as a bankruptcy trustee.  (See Compl. at 15.)

Accordingly, Brady is entitled to derived judicial immunity, and the Court will dismiss the claims against Brady with prejudice.

### 3. Government Attorney Immunity

Andrew Chung, an attorney for the Department of Justice who represented Judge Jellen in a prior action filed by plaintiff, is entitled to absolute immunity because his actions were taken in connection with the judicial process.  See Fry v. Melaragno, 939 F.2d 832, 836 (9th Cir. 1991.  In Fry the Ninth Circuit agreed with the government's position that government attorneys "fall within the class of government officials whose connection with the judicial

process entitles them to absolute immunity." See id. "Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is 'necessary to assure that . . . advocates . . . can perform their respective functions without harassment or intimidation.'" Id. at 837(citation omitted) (ellipses in original). "If the government attorney is performing acts 'intimately associated with the judicial phase' of the litigation, that attorney is entitled to absolute immunity from damage liability." Id. In this case, plaintiff's allegations against Chung arise from Chung's representation of Judge Jellen, which is within the judicial phase of litigation. (See Compl. at 17-18.)

Accordingly, Chung is entitled to absolute immunity, and the Court will dismiss the claims against Chung with prejudice.

### 4. Claims Against Attorney Defendants

Plaintiff's allegations against attorneys Vivian Rhoe and Charles Novack, and their law firm, Kornfield, Paul & Nyberg (collectively, "Attorney Defendants"), all of whom are alleged to have represented plaintiff's estate in bankruptcy proceedings, do not state a federal claim. Rather, plaintiff's claims against the Attorney Defendants, for harassment, annoyance, and negligence, arise under state tort law. (See Compl. at 15-18, 99.)

Because the Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the claims against the Attorney Defendants, see 28 U.S.C. 1367(c)(3), and will dismiss such claims without prejudice.

## CONCLUSION

For the reasons set forth above:

1. Plaintiff's application to proceed in forma pauperis is hereby DENIED.

2. Plaintiff's claims against defendants Illston, Armstrong, Alsup, Jellen, Carlson, Newsome, Brady, and Chung are hereby DISMISSED with prejudice.

3. The Court declines to exercise supplemental jurisdiction over plaintiff's claims against Rhoe, Novack, and Kornfield, Paul & Nyberg, and hereby DISMISSES such claims without prejudice to plaintiff's refiling them in state court.

1  The Clerk shall close the file.

2  **IT IS SO ORDERED.**

3

4  Dated: May 25, 2005                              /s/ Maxine M. Chesney
                                                    MAXINE M. CHESNEY
                                                    United States District Judge